Natalia Sosa, demandante, tercerista y apelante, *v.* Manuel Sosa y Central Coloso, Inc., demandados y apelados.

No. 6194.—*Sometido:* Noviembre 17, 1933. *Resuelto:* Diciembre 7, 1933.

*Buenaventura Esteves,* abogado de la apelante; *García Méndez & García Méndez,* abogados de la Central Coloso, Inc.

El Juez Asociado Señor Hutchison, emitió la opinión del tribunal.

Natalia Sosa apela de una resolución aprobando un memorándum de costas, excepto en lo que se refiere a una partida de $250 para honorarios de abogado, que fué reducida a $150. Los motivos de la apelación son que la corte de distrito cometió error al aprobar el memorándum y al desestimar la impugnación de la Sra. Sosa al mismo; y que la resolución apelada es contraria al artículo 327 del Código de Enjuiciamiento Civil, tal como fué enmendado por la Ley No. 38 de 12 de abril de 1917, Leyes de ese año, tomo I, pág. 206, contraria al artículo 339 del Código de Enjuiciamiento Civil, según quedó enmendado por la Ley No. 15 de noviembre 19, 1917, Leyes de ese año, tomo II, pág. 228, contraria a las secciones 12, 14 y 15 de la Ley proveyendo el procedimiento en casos de tercería de bienes muebles, etc., aprobada el 14 de marzo de 1907 (Estatutos Revisados de 1911, secciones 5271, 5273 y 5274), y contraria a la prueba.

El memorándum contenía una partida de $6.75 por concepto de derechos del márshal. Este funcionario declaró respecto al embargo de un autocamión que la Sra. Sosa posteriormente alega era de su propiedad. La contención de la apelante es que los derechos por practicar este embargo no eran indemnizables como parte de las costas incidentales a la reclamación de la Sra. Sosa de los bienes embargados. No hallamos que éstos fueran los derechos especificados en el memorándum y concedidos durante la vista por el juez de distrito. El márshal meramente mencionó el embargo de un

autocamión en el curso de su reseña de los sucesos que culminaron en la presentación de la tercería de la Sra. Sosa, de la prestación de una fianza, entrega del autocamión a la Sra. Sosa, embargo posterior de bienes pertenecientes a uno de los fiadores y entrega de nuevo del autocamión por el fiador. Al terminarse el testimonio del márshal los letrados de la Central Coloso ofrecieron como prueba otro mandamiento de embargo librado en el curso del procedimiento de tercería. El abogado de la Sra. Sosa se opuso a la admisión de esta prueba fundado en que no se refería al *truck* que era objeto de la tercería. La prueba en sí no fué incluída en la exposición del caso y no podemos asumir con la apelante que los derechos del márshal concedidos por la corte de distrito fueron por practicar el primer embargo más bien que por el segundo.

La sentencia que dió origen al memorándum de costas fué dictada en 22 de enero de 1932. Copia de la notificación enviada a la Sra. Sosa fué archivada el 26 de enero. El término dentro del cual podía interponerse apelación contra esta sentencia expiró el 5 de febrero. De ahí que la apelante arguya que el término para radicar el memorándum de costas expiró el 15 de febrero. El memorándum fué archivado el 3 de marzo. Empero en el ínterin la Sra. Sosa había radicado una moción de reconsideración. La corte de distrito se negó a considerar esta moción, y al mismo tiempo enmendó su sentencia. También se hizo notificación de esta sentencia enmendada y se archivó copia de dicha notificación. No se interpuso apelación. El memorándum de costas fué radicado dentro del período estatutario si se cuenta a partir de la fecha en que expiró el término dentro del cual debió haberse perfeccionado tal recurso de apelación. Podría admitirse que la moción de reconsideración no interrumpió ninguno de los términos en cuestión, mas a nuestro juicio pudo apelarse de la sentencia, tal cual fué enmendada. La corte de distrito no cometió error al declarar sin lugar la objeción de la Sra. Sosa al efecto de que el memorándum no se había archivado

dentro del período fijado por el estatuto. La sección 15, *supra,* dispone que si dentro de los diez días de haberse dictado el fallo contra el reclamante éste devolviera la propiedad entregádale "en la misma buena condición en que la hubiere recibido, y pagare por el uso de la misma, así como por los daños y costas causados, con tal entrega y pago, se tendrá por satisfecha la sentencia." Asumiendo para los fines de la argumentación que el autocamión al ser devuelto por uno de los fiadores de la Sra. Sosa, estaba en tan buena condición como al tiempo de serle entregado a la Sra. Sosa, subsiste el hecho de que ni la Sra. Sosa ni sus fiadores habían pagado por el uso del autocamión, incluyendo o excluyendo los daños y costas. Esto resuelve la contención de que la resolución apelada era contraria a la prueba.

La apelante también indica que las costas, al ser concedidas en un procedimiento de tercería, no deben ser interpretadas en el sentido de que incluyen honorarios de abogado. En ausencia de cualquier razón satisfactoria para tal excepción a la regla general, no podemos estar de acuerdo con este criterio. Las objeciones relativas a la regularidad de la sentencia son suscitadas demasiado tarde al ser planteadas por primera vez después de radicarse un memorándum de costas basado en tal sentencia.

*Debe confirmarse la resolución apelada.*